IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY TEJADA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH C. HILBERT, ET AL. | : | NO.  07-MC-41 |

<u>ORDER-MEMORANDUM</u>

Padova, J.

**AND NOW**, this 16th day of April, 2007, upon consideration of Petitioner's Application to Proceed In Forma Pauperis and "Petition for Common Law Writ of Prohibition" (collectively docketed as Doc. No. 1), **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's Application to Proceed In Forma Pauperis is **DENIED**.

2. Petitioner's "Petition for Common Law Writ of Prohibition" is **DISMISSED** with prejudice.

3. The Clerk of the Court shall CLOSE this case for statistical purposes.

Mr. Tejada has filed, pro se, a handwritten Application to Proceed In Forma Pauperis and handwritten "Petition for Common Law Writ of Prohibition."  The in forma pauperis statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989) (citing <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342-43 (1948)).  Specifically, Congress enacted the in forma pauperis statute to ensure that administrative court costs and filing fees, both of which ordinarily must be paid when filing a lawsuit, would not prevent indigent persons from pursuing meaningful litigation.  <u>Jones v. Zimmerman</u>, 752 F.2d 76, 78-79 (3d Cir.1985).  Nevertheless, Congress was similarly concerned that persons could abuse this cost-free access to the federal courts. <u>Denton v. Hernandez</u>, 504 U.S.

25, 31 (1992).  The statute requires a prisoner to submit with his application to proceed in forma pauperis, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is confined."  28 U.S.C. § 1915(a)(2). Petitioner states in his Application that he is presently confined in the Lehigh County Prison. Nonetheless, he has failed to submit a certified copy of his trust fund account statement for the previous six months.  His Application to Proceed In Forma Pauperis is, accordingly, denied.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court may dismiss an action if the court determines that the action "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The standard for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for [a] motion to dismiss for failure to state a claim under Rule 12(b)(6)." Azubuko v. Massachusetts State Police, No. Civ. A. 04-4176, 2004 WL 2590502, at *1 (E.D. Pa. Nov.12, 2004) (citing Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000)). When determining a Motion to Dismiss pursuant Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted when a Plaintiff cannot prove any set of facts, consistent with the complaint, which would entitle him or her to relief.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

The instant Petition is handwritten and difficult to read.  However, we understand that Plaintiff is asking the Court to enjoin Judge William E. Ford of the Court of Common Pleas of

Lehigh County and two other individuals, who are identified as court employees, from issuing or executing a warrant for the arrest of Petitioner on a charge of contempt and to enjoin Judge Ford from trying Petitioner on that charge.  Petitioner contends that the criminal action against him must be enjoined because he has not consented to the jurisdiction of the Court of Common Pleas of Lehigh County.  This Court lacks the power to grant the requested relief.  See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").  Indeed, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Younger v. Harris, 401 U.S. 37 (1971)).  The policy which bars our interference with a pending state criminal prosecution "can only be overcome if the petitioner shows that he has no adequate remedy at law and that he will suffer irreparable injury that is both great and immediate unless the federal court grants the requested equitable relief, or that the state criminal proceedings were brought in bad faith for purposes of harassment."  Death Row Prisoners of Pennsylvania v. Ridge, 948 F. Supp. 1258, 1266 (E.D. Pa. 1996) (citing Younger, 401 U.S. at 43-49 and Kugler v. Helfant, 421 U.S. 117, 124-25 (1975), reh'g denied, 421 U.S. 1017 (1975).  The Petition contains no such allegations.  We find, accordingly, that the Petition fails to state a claim upon which relief may be granted.  The Petition is, therefore, dismissed.

The United States Court of Appeals for the Third Circuit has instructed that, "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)

(citing <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002)).  Since this Court lacks the power to grant the relief sought by Petitioner, we find that leave to amend the Petition would be futile and this case is, therefore, dismissed with prejudice.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

4